UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH BECKER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>WARDEN SHERMAN, et al.,<br><br>　　　　Defendants. | **CASE No. 1:16-cv-0828-MJS (PC)**<br><br>**ORDER**<br><br>**(1) GRANTING MOTION FOR EXTENSION OF TIME;**<br><br>**(2) GRANTING MOTION FOR EXPEDITED CONSIDERATION;**<br><br>**(3) DENYING MOTION FOR TEMPORARY RESTRAINING ORDER;**<br><br>**(4) DENYING MOTION FOR CERTIFIED TRUST STATEMENT; AND**<br><br>**(5) GRANTING MOTION FOR WAIVER OF THE ELECTRONIC FILING REQUIREMENT**<br><br>**(ECF NOS. 3, 4, 5, 12, and 16.)**<br><br>**THIRTY-DAY DEADLINE** |

　　　Plaintiff is a transgender state prisoner proceeding pro se and in forma pauperis in a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has consented to the jurisdiction of a magistrate judge. (ECF No. 9.)

On August 29, 2016, Plaintiff's complaint was screened and found to state an Eighth Amendment failure to protect claim against Defendant Lt. Maximo Lunes. Plaintiff accuses the Defendant of acting with deliberate indifference when he ordered Plaintiff to be double-celled with a second inmate after Plaintiff's then-current cell-mate attempted to rape her. In the Screening Order, Plaintiff was directed to either file a first amended complaint within thirty days or notify the Court of her willingness to proceed only on the claim found to be cognizable. (ECF No. 14.)

In a later-filed document, Plaintiff alleged that the second inmate with whom she was ordered to double-cell raped her shortly after Plaintiff's placement in the cell.[1] This rape occurred even after Plaintiff's attorney contacted Lt. Lunes to inform him of the danger to Plaintiff's safety caused by double-celling. Pl.'s Decl. ¶¶ 7-10 (ECF No. 11.)

In light of the seriousness of the allegations and the serious potential for future harm, the undersigned determined that Plaintiff would benefit from the assistance of counsel. Accordingly, on September 27, 2016, all dates were vacated and the ADR and Pro Bono Coordinator was directed to seek out pro bono counsel. (ECF No. 15.) Despite a months-long search, however, efforts to locate counsel have been unsuccessful. The Court must therefore re-direct Plaintiff to proceed with the filing of an amended pleading at this time.

The Court will now also address a number of motions filed by Plaintiff, including a motion for injunctive relief and a related motion to expedite ruling on this motion (ECF Nos. 3, 12), a motion directing institutional staff to furnish a certified trust statement (ECF No. 4), and a motion to waive the e-mail filing of a pleading (ECF No. 5).

## I. Motion for Temporary Restraining Order

When Plaintiff initiated this action on June 15, 2016, she also filed a motion for a temporary restraining order seeking to prevent Plaintiff's future victimization by directing institutional staff members to place her on single-cell status. At the time, Plaintiff was

---

[1] Plaintiff has since been transferred to another institution where she remains in general population. (ECF No. 11.)

housed at California Substance Abuse and Treatment Facility in Corcoran, California. Plaintiff has since been transferred to the Sierra Conservation Center in Jamestown, California. (ECF No. 10.)

The purpose of a temporary restraining order or a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981). "A plaintiff seeking a preliminary injunction [or temporary restraining order] must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 20 (2008).

"[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972 (1997) (quotations and citations omitted) (emphasis in original). A party seeking a temporary restraining order or preliminary injunction simply cannot prevail when that motion is unsupported by evidence.

Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95 102 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471 (1982). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id. Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."

Here, although the Court found a cognizable claim in the Complaint against Lt. Lunes, Plaintiff has not given notice of willingness to proceed on the Complaint as screened. To the contrary, her recent motion for extension of time to file an amended complaint indicates that she does not wish to proceed on the claim already found to be cognizable. As such, there is not yet an actual case or controversy before the Court.

Moreover, now that Plaintiff has been transferred to another institution, her motion seeks an order directed towards non-parties. "A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." Zepeda v. United States Immigration Service, 753 F.2d 719, 727 (9th Cir. 1985) (emphasis added).

Accordingly, Plaintiff's request for injunctive relief must be denied.

**II.   Motion for Certified Trust Statement**

Plaintiff's motion for an order for a certified trust statement will be denied as moot because Plaintiff has already provided this statement to the Court. (ECF No. 2.) Additionally, Plaintiff has already been granted leave to proceed in forma pauperis. (ECF No. 7.)

**III.   Motion for Court to Waive Email Filing Requirement**

Finally, Plaintiff moves the Court for a waiver of the requirement that her complaint be filed electronically. Good cause appearing, this request will be granted.

**IV.   Conclusion**

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for extension of time to file an amended complaint (ECF No. 16) is GRANTED;
2. Plaintiff shall file a First Amended Complaint within thirty days from the date of this Order;
3. Plaintiff's motion for expedited consideration (ECF No. 12) is GRANTED;
4. Plaintiff's motion for a temporary restraining order (ECF No. 3) is DENIED;
5. Plaintiff's motion for a certified trust statement (ECF No. 4) is DENIED; and

6. Plaintiff's motion for a waiver of the electronic filing requirement (ECF No. 5) is GRANTED.

IT IS SO ORDERED.

Dated: January 27, 2017         /s/ *Michael J. Seng*
                                UNITED STATES MAGISTRATE JUDGE