UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JOSEPH BECKER,

        Plaintiff,

  v.

WARDN SHERMAN, et al.,

        Defendants.

CASE NO. 1:16-cv-00828-AWI-MJS (PC)

**ORDER APPROVING STIPULATION TO MODIFY THE DISCOVERY AND SCHEDULING ORDER**

(ECF No. 49)

**ORDER DENYING AS MOOT DEFENDANTS' MOTION TO MODIFY THE DISCOVERY AND SCHEDULING ORDER**

(ECF No. 50)

**ORDER APPROVING NUNC PRO TUNC STIPULATION TO EXTEND DEFENDANTS' DEADLINE TO FILE REPLY**

(ECF No. 52)

Plaintiff is a state prisoner proceeding with appointed counsel in this civil rights action brought pursuant to 42 U.S.C. § 1983.

Before the Court are: the parties stipulation to modify the discovery and scheduling order ("DSO") by vacating all deadlines contained therein (ECF No. 49); Defendants' motion to modify the DSO by staying discovery as to certain Defendants (ECF No. 50); and the parties stipulation to extend Defendants' deadline to file a reply in support of the motion to modify the DSO. (ECF No. 52.) Plaintiff opposed the motion to modify the DSO. (ECF No. 54.) Defendants filed a reply. (ECF No. 57.) The matters are submitted.

## I. Relevant Procedural History

This action proceeds on Plaintiff's Eighth Amendment failure to protect claim against Defendants L. Cartagena, K. Loyd, Maximo Lunes, Joel Martinez, C. Moreno, N. Peterson, M. Ross, Sherman, and J. Wetenkamp as stated in Plaintiff's April 06, 2017 First Amended Complaint. (ECF No. 24.) On August 25, 2017, Defendants Lunes and Moreno filed an answer. (ECF No. 38.) On the same date, Defendants Cartagena, Loyd, Martinez, Peterson, Ross, Sherman and Wetenkamp filed a motion to dismiss. (ECF No. 39.) On September 1, 2017, this Court issued its DSO setting May 1, 2018 as the discovery deadline. (ECF No. 42.)

On November 30, 2017, the parties filed a stipulation to modify the DSO by vacating all deadlines pending resolution of the motion to dismiss. (ECF No. 49.) Also on November 30, 2017, Defendants moved to stay discovery against Defendants Cartagena, Loyd, Martinez, Peterson, Ross, Sherman and Wetenkamp pending resolution of the motion to dismiss. (ECF No. 50.)

On December 11, 2017, the undersigned issued findings and recommendations to grant the motion to dismiss as to Defendants Sherman and Martinez, but to deny it in all other respects. (ECF No. 51.)

On December 19, 2017, the parties filed a stipulation to extend the time for Defendants to file a reply in support of their motion to modify the DSO. (ECF No. 52.)

On January 30, 2018, the findings and recommendations were adopted by the District Judge, claims against Defendants Sherman and Martinez were dismissed, and Plaintiff was afforded fourteen days to file a second amended complaint. (ECF No. 63.)

On February 8, 2018, the Court conducted an informal telephonic discovery dispute conference and the issue of scheduling was addressed. The parties again agreed to vacate the DSO deadlines and requested that a new DSO issue following the resolution of the pleadings. (See ECF No. 62.)

## II. Stipulation to Vacate DSO Deadlines

The parties stipulated to vacate all deadlines contained in the DSO. The stipulation

will be approved. A second DSO will issue following resolution of the pleadings.

**III.     Stipulation to Extend Reply Deadline**

The stipulation to extend Defendants' time to file a reply in support of the motion to modify the scheduling order will be approved nunc pro tunc. Defendants' January 5, 2018 reply is deemed timely filed. (ECF No. 57.)

**IV.     Motion to Modify the Discovery Order**

Defendants originally moved to stay discovery as to all moving Defendants pending the outcome of the motion to dismiss. (ECF No. 50) During the pendency of the findings and recommendations, Defendants argued that discovery should at least be stayed as to Defendants Sherman and Martinez until an operative complaint against them is filed. (ECF No. 57.)

Defendants' motion to dismiss has been resolved. At this time, there is no cause to stay discovery as to Defendants Cartagena, Loyd, Peterson, Ross, and Wetenkamp, because they remain parties to this action. Furthermore, discovery cannot proceed as to Defendants Sherman and Martinez as there are no claims pending against them. See Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009) (noting that a Court is barred from "unlock[ing] the doors of discovery for a plaintiff armed with nothing more than conclusions."). Unless and until Plaintiff amends to state a cognizable claim against Defendants Sherman and Martinez, they are not subject to the DSO. Accordingly, the motion to modify the DSO is moot and on that basis will be denied.

**V.     Conclusion and Order**

Considering the foregoing, IT IS HEREBY ORDERED that:

1. The parties' November 30, 2017 stipulation (ECF No. 49) Is APPROVED;

2. All deadlines contained in the DSO (ECF No. 42) are vacated;

3. The parties' December 19, 2017 stipulation is APPROVED nunc pro tunc;

4. Defendants' January 5, 2018 reply (ECF No. 57) is deemed timely filed; and

5. Defendants' motion to modify the DSO (ECF No. 50) is DENIED as moot.

IT IS SO ORDERED.

Dated: __February 10, 2018__        /s/ *Michael J. Seng*

UNITED STATES MAGISTRATE JUDGE