UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH BECKER,<br><br>                 Plaintiff,<br><br>         v.<br><br>WARDEN SHERMAN, et al.,<br><br>                 Defendants. | Case No. 1:16-cv-000828-JLT-HBK (PC)<br><br>FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S MOTION<br><br>(Doc. No. 163)<br><br>FOURTEEN-DAY OBJECTION PERIOD |

On June 20, 2025, Plaintiff, a state prisoner, filed a letter addressed to the Clerk claiming that the settlement reached in the above case "way back in 2020" is "being repeatedly breached by defendants." (Doc. No. 163). Plaintiff states he has reached out to his previous counsel but has counsel has not contacted him back and he seeks the court's "Help!" (*Id*.).[1] The Court construes the letter as motion to reopen this closed case so that Plaintiff may pursue a claim for breach of the settlement agreement entered into by the parties.

PROCEDURAL BACKGROUND

A review of this docket reveals that the Court appointed counsel to represent Plaintiff in

---

[1] Plaintiff attaches to his letter a copy of the Tuolumne County's Superior Court's February 1, 2024 order directing an informal response to Petitioner's state habeas corpus petition alleging a breach of the settlement agreement. (Doc. No. 163 at 2-3). The letter does not refer to or explain the significance of this state court order.

this civil rights action. (Doc. No. 22). Plaintiff was represented throughout these proceedings by various counsel from Lathan & Watkins, LLP. (*See generally* docket). On April 23, 2020, at a telephonic settlement conference held before United States Magistrate Judge Erica P. Grosjean, the Parties reached a settlement of this action. (Doc. No. 156). The materials terms agreed to at the settlement were placed on the record but the magistrate judge noted that the "material terms" would "be reduced to writing and once the terms have been reduced to writing and signed, that will be the binding document." (Doc. No. 158 at 4-5). The Court takes judicial notice of the docket and pleadings in this case, which reflect that a settlement agreement was not filed with the court in that action. Further, the "Stipulation for Voluntary Dismissal With Prejudice" filed on June 19, 2020 in this action does not reference any settlement agreement. (Doc. No. 161). The Stipulation states only that Plaintiff and Defendants "have resolved this case in its entirely." (*Id.*). The June 22, 2020 Order dismissing this action with prejudice specifies that the action was dismissed pursuant to the stipulation of the Parties in accordance with Fed. R. Civ. P. 41(a)(1)(A)(ii) and it did not reference a settlement agreement. (Doc. No. 162).

APPLICABLE LAW

"Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (internal quotation marks omitted). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stevedoring Servs. of Am. Inc. v. Eggert*, 953 F.2d 552, 554 (9th Cir. 1992). A claim that a settlement agreement that resulted in the dismissal of case was breached by a party does not give rise to federal jurisdiction in a subsequent federal action. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 380-81 (1994) (an agreement that is part of the dismissal of a case in federal court "is not a sufficient basis for a federal court's jurisdiction"); *Hajro v. United States Citizenship & Immigration Servs.*, 811 F.3d 1086, 1099 (9th Cir. 2016) (a "district court does not have the inherent power to enforce the terms of a settlement agreement under the doctrine of ancillary jurisdiction"); *Harry v. Perkins*, 735 Fed. Appx. 296, 297 (9th Cir. 2018) (an alleged breach of the terms of a private settlement agreement against prison officials, absent more, is not enforceable in federal court).In general, "[e]nforcement of [a]settlement

agreement . . . whether through award of damages or decree of specific performance, is more than just a continuation or renewal of the dismissed suit, and hence requires its own basis for jurisdiction." *Kokkonen*, 511 U.S. at 378.

Alternatively, under Rule 60(b)(6), a district court may relieve a party "from a final judgment, order, or proceeding for ... any ... reason justifying relief from the operation of the judgment." However, only "extraordinary circumstances" justify relief under the rule. *United States v. Sparks,* 685 F.2d 1128, 1129 (9th Cir.1982). The Ninth Circuit has agreed with its sister circuit that "[r]epudiation of a settlement agreement that terminated litigation pending before a court constitutes an extraordinary circumstance, and it justifies vacating the court's prior dismissal order. " *Keeling v. Sheet Metal Workers Int'l Ass'n, Loc. Union 162*, 937 F.2d 408, 410 (9th Cir. 1991) (Collecting cases). A court must find that events leading to settlement agreement's repudiation were "sufficiently extraordinary" to reopen a case. *Id.* (finding that based on "specific acts," the repudiation was "perceived as bad faith noncompliance"). However, repudiation alone is not an extraordinary circumstance warranting relief under Rule 60(b)(6). *See id* at 410. Indeed, "[i]n the usual course upon repudiation of a settlement agreement, the frustrated party may sue anew for breach of the agreement and may not ... reopen the underlying litigation after dismissal." *Id.*

ANALYSIS

Here, the Court takes judicial notice of its own records which reflect that the dismissal stipulated to by the Parties did not contain an explicit retention of federal jurisdiction and a settlement agreement was not incorporated into the parties' stipulation for dismissal or the district court's order dismissing that action. *See, e.g., Kelly v. Wengler*, 822 F.3d 1085, 1095 (9th Cir. 2016) (the stipulation for dismissal explicitly incorporated the parties' settlement agreement, the settlement agreement was attached as an exhibit to the stipulation, and in the agreement "the parties agreed the district court would retain ancillary jurisdiction to enforce the agreement"); *Kokkonen*, 511 U.S. at 381; *Kang v. Harrison*, 789 Fed. Appx. 68, 69 (9th Cir. 2019) (where a district court's dismissal order contained an explicit provision retaining jurisdiction to enforce a settlement agreement, the provision was sufficient to confer subject matter jurisdiction upon that

district court to enforce the parties' settlement agreement).

Because the order dismissing this case dismissed the action with prejudice without retention of federal jurisdiction, federal jurisdiction over this action terminated upon the Court's dismissal of this action. Accordingly, Plaintiff's allegations that the Defendants have "repeatedly" breached he Settlement Agreement in this action must be raised in state court. *See* 18 U.S.C. § 3626(c)(2).

Alternatively, even if the Court construes the motion as brought under Federal Rule of Civil Procedure 60(b)(6), the motion must be brought "within a reasonable time." *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005). What constitutes a "reasonable time" is a fact-intensive inquiry. *Hal v. Haws*, 861 F. 3d 977, 987-88 (9th Cir. 2017). Plaintiff provides no facts or explanation as to why he waited to bring this action when he alleges repeated breaches by Defendants. Nor does Plaintiff aver any facts from which this Court could infer any extraordinary circumstances to find repudiation. Notably, Plaintiff is not without recourse as he may file an action in state court should he wish to bring an action against defendants for any alleged breach of the settlement agreement.

Accordingly, it is RECOMMENDED:

Plaintiff's motion to reopen this case for breach of settlement agreement (Doc. No. 163) is DENIED.

## NOTICE TO PARTIES

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court. *Id*.; Local Rule 304(b). The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and shall not exceed **fifteen (15) pages**. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by

the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C).  A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

Dated:    August 13, 2025

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE