# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH BECKER, | Case No.: 1:16-cv-0828 JLT HBK |
| Plaintiff, | ORDER ADOPTING IN FULL THE FINDINGS AND RECOMMENDATIONS AND DENYING PLAINTTIFF'S REQUEST FOR RELIEF |
| v. | |
| WARDEN SHERMAN, et al., | (Docs. 163, 165) |
| Defendants. | |

Joseph Becker asserted the defendants were liable for violations of his civil rights. The parties settled this matter during a settlement conference with the Court in April 2020. (Doc. 156.) Based upon the stipulation of the parties, the Court dismissed the matter with prejudice pursuant to Rule 41 of the Federal Rules of Civil Procedure on June 22, 2020. (Docs. 161, 162.) On June 16, 2025, Plaintiff filed a letter with the Court, asserting that the defendants have breached the settlement agreement and requesting the Court's help. (Doc. 163.)

The magistrate judge found that the Court did not retain jurisdiction over the settlement agreement, because "the dismissal stipulated to by the Parties did not contain an explicit retention of federal jurisdiction and a settlement agreement was not incorporated into the parties' stipulation for dismissal or the district court's order dismissing that action." (Doc. 165 at 3, citing *Kelly v. Wengler*, 822 F.3d 1085, 1095 (9th Cir. 2016); *Kang v. Harrison*, 789 Fed. Appx. 68, 69 (9th Cir. 2019).) Consequently, the magistrate judge found any assertion that the defendants breached the settlement

1

agreement must be raised in the state court. (*Id.* at 4, citing 18 U.S.C. § 3626(c)(2).) The magistrate judge also found that even if the Court construed the matter as a motion for relief under Rule 60(b) of the Federal Rules of Civil Procedure, there was no showing that the motion was filed "within a reasonable time." (*Id.* at 4.) Therefore, the magistrate judge recommended the Court deny Plaintiff's request to reopen this case for breach of the settlement agreement. (*Id.*)

The Court served the Findings and Recommendations on Plaintiff and notified him that any objections were due within 14 days. (Doc. 165 at 4.) The Court advised him that the "failure to file any objections within the specified time may result in the waiver of certain rights on appeal." (*Id*. at 5, citing *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014).) Plaintiff did not file objections, and the time to do so has passed.

According to 28 U.S.C. § 636(b)(1), this Court performed a *de novo* review of this case. Having carefully reviewed the matter, the Court concludes the Findings and Recommendations are supported by the record and proper analysis. Thus, the Court **ORDERS**:

1. The Findings and Recommendations dated August 13, 2025 (Doc. 165) are **ADOPTED** in full.
2. Plaintiff's request for relief, construed as a motion to reopen the case for breach of the settlement agreement (Doc 165), is **DENIED**.

IT IS SO ORDERED.

Dated:     **September 12, 2025**

UNITED STATES DISTRICT JUDGE

2